UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-16-16
```

MIDAMINES SPRL LTD., *et uno*,

                                        Plaintiffs,

        -v-                                                    No. 12-cv-8089 (RJS)
                                                               OPINION AND ORDER

KBC BANK NV,

                                        Defendant.

RICHARD J. SULLIVAN, District Judge:

        Now before the Court is the motion of Defendant KBC Bank NV ("Defendant") for fees

and costs (Doc. No. 70) related to the Second Circuit's orders of July 16, 2014 (Doc. No. 57) and

January 23, 2015 (Doc. No. 60) directing Plaintiffs to "pay the costs and reasonable attorneys' fees

incurred by [Defendant] as a result of [Plaintiffs'] motion to disqualify and [Defendant's] motion

to seal." (Doc. No. 57.)  For the reasons stated below, Defendant's request for fees and costs is

granted, but Defendant's request for a bond pending compliance is denied

I.  BACKGROUND

        The case underlying this motion for reasonable attorneys' fees concerns bank accounts

maintained by Plaintiff Midamines SPRL ("Midamines Congo"), a Congolese corporation, at

ADB, a Belgian bank.  (Compl. ¶¶ 2, 23.)  Plaintiff Hassan A. Abbas is the sole officer listed for

Midamines Congo.  (Doc. No. 70, Declaration of Richard A. Martin, dated May 22, 2015 ("Martin

Decl."), Ex. H.)  Plaintiffs' claims against Defendant arise out of two transactions involving

Midamines Congo's accounts, in which Plaintiffs alleged that Defendant KBC Bank NV

improperly stopped payment on Plaintiffs' checks.  On March 19, 2014, the Court granted

Defendants' motion to dismiss Plaintiffs' Complaint, and Plaintiffs subsequently appealed.

As relevant to this motion, on June 8, 2014, Plaintiffs filed a motion with the Second Circuit to disqualify Defendant's counsel, Richard A. Martin, Esq., and his firm, Orrick, Herrington & Sutcliffe LLP ("Orrick"), from representing Defendant in the appeal of the dismissal of Plaintiffs' underlying action. *Midamines SPRL Ltd. v. KBC Bank NV*, 14-862-cv (2d Cir.), Doc. No. 53. The motion was based on Martin's inadvertent inclusion of Abbas on a privileged e-mail on May 22, 2014. Specifically, Abbas claimed that the e-mail demonstrated that Defendant's counsel intended to pursue a frivolous defense.

On June 20, 2014, in response to Plaintiffs' motion to disqualify and their inclusion of the privileged e-mail in bringing that motion, Defendant filed a motion to submit its response under seal and to require Plaintiffs to refile submissions under seal in an attempt to protect the confidentiality of the privileged material. *Midamines*, 14-862-cv, Doc. No. 66. As part of Defendant's motion to seal, Defendant worked with Plaintiffs to ensure that they subsequently submitted adequately redacted filings to protect the privileged material. *See, e.g., id.*, Doc. No. 122.

On July 16, 2014, the Second Circuit denied Plaintiffs' motion to disqualify Defendant's counsel and granted Defendant's motion to seal, finding that the e-mail was protected by the attorney work-product doctrine. (Doc. No. 57.) Plaintiffs subsequently had to re-file redacted versions of their numerous filings discussing the content of the May 22, 2014 e-mail. *See, e.g.*, *Midamines*, 14-862-cv, Doc. Nos. 176, 177, 178, 179, 180, 181, 182, 183 (filed with redactions). Moreover, the Second Circuit granted Defendant's motion for sanctions in response to Plaintiffs' "frivolous and vexatious conduct." (Doc. No. 57 at 2.) Accordingly, the court ordered Plaintiffs to "pay the costs and reasonable attorneys' fees incurred by Defendant as a result of the motion to

disqualify and motion to seal the documents, which was necessitated by the motion to disqualify."

(*Id.*)   Plaintiffs subsequently filed a motion for reconsideration, which the Second Circuit denied

on September 23, 2014. *Midamines*, 14-862-cv, Doc. No. 165.

After the Second Circuit denied Plaintiffs' motion for reconsideration, Defendant sought

to enforce the Second Circuit's fee award.   On October 8, 2014, Defendant sent Abbas a letter

requesting $75,722.50 for fees and costs.   (Martin Decl., Ex. A.)   Defendant asserts that Abbas

never responded to the letter. (Doc. No. 72 at 4.) Rather, when Defendant followed up with Abbas,

Abbas allegedly threatened to file another motion for disqualification and a lawsuit for tortious

interference.   In fact, on March 3, 2015, Abbas commenced an action in this Court against Orrick

for tortious interference with his relationship with the firm Handler Thayer LLP.   (*Hassan A.*

*Abbas, Esq. v. Orrick, Herrington & Sutcliffe LLP*, 15-cv-1545 (RJS) (S.D.N.Y.), Doc. No. 1.)

On November 12, 2014, having been unsuccessful in its efforts to collect the fees directly

from Abbas, Defendant filed a motion with the Second Circuit to compel payment. *Midamines*,

14-862-cv, Doc. No. 199.   On January 23, 2015, the Second Circuit granted Defendant's motion

and remanded the matter to this Court "for the calculation of reasonable attorneys' fees that

[Plaintiffs] must pay." (Doc. No. 60.)   Subsequently, on March 4, 2015, the Second Circuit

affirmed the Court's dismissal of the underlying action. (Doc. No. 66.)

II. DISCUSSION

A.  Reasonable Attorneys' Fees

The Second Circuit has recognized that a district court has "considerable discretion" in

determining a reasonable attorneys' fee amount and that the lodestar method results in a

"presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of*

*Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190, 183 (2d Cir. 2008).   Under the lodestar

3

method, a court must first set a "reasonable hourly rate" for each attorney and staff member, keeping in mind all case-specific variables. Second, the court must determine the number of hours reasonably expended. Third, it must multiply the reasonable hourly rate by the number of hours reasonably expended to determine the "presumptively reasonable fee." *See Margolies v. Cty of Putnum N.Y.*, No. 09-cv-2061 (RKE) (GAY), 2011 WL 721698, at *1 (S.D.N.Y. Feb. 23, 2011).

It is the burden of the party requesting fees to "submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking fees must submit contemporaneous time records to support its application, specifying "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1141 (2d Cir. 1983). In evaluating the average hourly rate, a court looks to the "prevailing market rate, i.e., the rate prevailing in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 208 (2d Cir. 2005) (alterations and internal quotation marks omitted). With respect to hours, a district court should "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. At the same time, the Supreme Court has emphasized that "the determination of fees should not result in a second major litigation" and that "trial courts need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 131 S. Ct. 2205, 2216 (2011) (internal quotation marks omitted).

Here, Defendant asks for $75,000 in fees, representing an average rate of $379 per hour for a total of 197.9 hours billed. The Court finds that a rate of $379 per hour is well within the range of rates approved for litigation involving Orrick's attorneys in New York district courts. *See, e.g., Genger v. Genger*, No. 14-cv-5683 (KBF), 2015 WL 1011718, at *3 (S.D.N.Y. Mar. 9, 2015)

4

(finding that $615 per hour for a partner and $395 for associates is "within the range of rates approved as reasonable by courts in this District"); *Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, No. 10-cv-1853 (PGG), 2011 WL 1002439, at *5 (S.D.N.Y. Mar. 16, 2011) (finding that rates ranging from $616 to $761 for Orrick partners and $312 to $392 for associates are reasonable), *aff'd*, 483 F. App'x 634 (2d Cir. 2012). Indeed, Defendant asserts that the total amount sought includes a "substantial reduction" from the rates it was actually charged by Orrick – an assertion that is confirmed by the unredacted billing submissions provided to the Court. (Doc. No. 72 at 8.) Moreover, the blended rate of $379 is also within the range of rates approved more generally for litigators in this District. *See, e.g.*, *Chin v. RCN Corp.*, No. 08-cv-7349 (RJS) (KNF), 2010 WL 3958794, at *5 (S.D.N.Y. Sept. 8, 2010) (approving blended rate of $605); *see also Union of Orthodox Jewish Congregations of Am. v. Royal Food Distribs. Liab. Co.*, 665 F. Supp. 2d 434, 437 (S.D.N.Y. 2009) (finding rates of $735 for partner and $445 for associate reasonable); *Therapy Prods., Inc. v. Bissoon*, No. 07-cv-8696 (DLC) (THK), 2010 WL 2404317, at *5 (S.D.N.Y. Mar. 31, 2010) (finding rate of $430 for fourth-year associate reasonable), *report and rec. adopted sub nom. Erchonia Corp. v. Bissoon*, No. 07-cv-8696 (DLC), 2010 WL 2541235 (S.D.N.Y. June 15, 2010). Based on a review of the case law in this area, the Court concludes that the blended rate of $379 per hour for all Orrick lawyers who worked on this matter is reasonable.

The Court also finds that the number of hours expended on this litigation by Orrick – 197.9 hours – is reasonable. Having reviewed both the redacted and unredacted billing submissions provided by the firm, the Court concludes that the hours were reasonably necessary given the nature of the work done. Orrick submitted a detailed unredacted billing statement to the Court specifying, as required, "for each attorney, the date, the hours expended, and the nature of the work done." *Carey*, 711 F.2d at 1141. Orrick's billing of 197.9 hours over two months is reasonable in

5

light of the work that the firm conducted in relation to the motion to disqualify and the motion to seal. Specifically, Orrick's tasks on these two motions included: (1) responding to Plaintiffs' threats to file a motion to disqualify and opposing the motion once filed; (2) filing a motion to seal when Plaintiffs revealed privileged material as part of their motion to disqualify; (3) proposing redactions to protect the privileged material; and (4) reviewing Plaintiffs' subsequent motion for reconsideration. All the work described on the billing submissions is thus closely related to the motion to disqualify and the motion to seal for which the Second Circuit awarded attorneys' fees in its July 16, 2014 order (Doc. No. 57) and its January 23, 2015 order compelling payment (Doc. No. 60). Accordingly, the Court finds that Orrick's expenditure of 197.9 hours on this matter is reasonable and that Orrick is entitled to collect attorneys' fees for those hours.

Plaintiffs' arguments to the contrary are unavailing.[1] As an initial matter, Plaintiffs plainly mischaracterize the Second Circuit's holding in the first page of their opposition brief, which incorrectly states that the court "rejected Orrick's unreasonable fee request of $75,000." (Doc. No. 73 at 1.) The Second Circuit's remand to the district court does not reflect a rejection of the request, but a recognition that it is the role of the district court to determine reasonable fees. *See Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 190; *see also Libaire v. Kaplan*, No. 06-cv-1500 (DRH) (ETB), 2011 WL 7114006, at *3 (E.D.N.Y. June 17, 2011), *report and rec. adopted as modified*, No. 06-cv-1500 (DRH) (ETB), 2012 WL 273080 (E.D.N.Y. Jan. 30, 2012) (noting on remand from the Second Circuit to determine "reasonable attorneys' fees" that "standard rules for calculating attorneys' fees should apply"). Furthermore, much of Plaintiffs' opposition brief is devoted to attempting to relitigate whether Defendant is entitled to attorneys'

---

[1] As noted in the Court's June 15, 2015 Order, the Court considers only the first 25 pages of Plaintiffs' 41-page opposition brief, which exceeded the required page limit without permission from the Court. (Doc. No. 79.)

fees at all, completely disregarding the Second Circuit's two orders *granting* Defendant's request for attorneys' fees. (*See, e.g.*, Doc. No. 73 at 18.) Plaintiffs also persist in contesting the Second Circuit's clear holding that the May 22, 2014 e-mail "discusses material protected by the attorney work-product doctrine." (Doc. No. 57 at 2; *see* Doc. No. 73 at 11-15 (arguing that the disclosed e-mail was not privileged); Doc. No. 81 at 2.) In any event, Plaintiffs' general arguments that the fees are unreasonable are unpersuasive. As discussed above, the rates sought fall squarely within the range of rates typically billed in this District and the number of billed hours is appropriate given the nature and quantity of work done by Orrick.

Finally, Plaintiffs further argue that they are entitled to an adversarial hearing on the issue of attorneys' fees. (Doc. No. 81.) In making this argument, Plaintiffs rely entirely on inapplicable and out-of-date state court authority and cite no federal case requiring such a hearing. (*Id.* at 1 (citing *Weinberg v. Weinberg*, 464 N.Y.S.2d 20 (1983), *Badenhop v. Badenhop*, 444 N.Y.S.2d 111 (1981), and *Kumble v. Windsor Plaza Co.*, 512 N.Y.S.2d 811 (1987)).) No evidentiary hearing is required in this case, especially where the Second Circuit has already found that Defendant is entitled to fees and has remanded the case to the Court for the sole determination of the reasonableness of the fees sought. (Doc. Nos. 57, 60.) Indeed, district courts routinely determine reasonable attorneys' fees without holding a hearing by relying solely on written submissions. *See, e.g.*, *Genger*, 2015 WL 1011718, at *1; *Amaprop*, 2011 WL 1002439, at *4-5. The one federal case mentioned by Plaintiffs as part of this argument, *Hensley*, 461 U.S. at 433, makes no mention of a required hearing. Instead, the case describes in detail the necessary documentation from the party seeking fees – documentation which has been provided to the Court by Defendant in this case. Accordingly, the Court sees no need to hold such a hearing.

As Plaintiffs offer no persuasive argument that the fees sought by Defendant are unreasonable, the Court concludes that Defendant is entitled to collect the $75,000 it requests in reasonable attorneys' fees.

### B. Costs

Defendant also asks the Court for costs associated with the motion to disqualify and the motion to seal. In awarding reasonable attorneys' fees, a court may also "include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *Amaprop*, 2011 WL 1002439, *9. As such, Defendant may recover "[i]dentifiable, out-of-pocket expenses," but not "non-recoverable, routine office overhead." *Kuzma v. I.R.S.*, 821 F.2d 930, 933–34 (2d Cir. 1987); *see also Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09-cv-8685 (HB), 2011 WL 2848644 (S.D.N.Y. July 18, 2011) (allowing costs for trial graphics and video deposition); *Bellifemine v. Sanofi-Aventis U.S. LLC*, No. 07-cv-2207 (JGK), 2010 WL 3119374, at *7 (S.D.N.Y. Aug. 6, 2010) (awarding costs for filing fees, expert witnesses, electronic discovery services, copies, mailing, and travel).

Here, Defendant asks for a significantly reduced amount of the costs it incurred in relation to these two motions. Specifically, Defendant seeks $722.50 in costs attributed to document production, legal research, secretarial overtime, and business meals. The Court finds that these expenses are reasonable in light of the work required in connection with the two motions. In fact, based on the documentation provided, the costs sought represent a small percentage of the thousands of dollars expended by Orrick on these motions. As Defendant has provided sufficient documentation to support its request for these costs, the Court concludes that Defendant is entitled to recover $722.50 in costs.

C. Bond Pending Compliance

Defendant also asks the Court to require Plaintiffs to post a bond pending compliance with this Order.  Defendant cites Local Rule 54.2, under which the Court may, in its discretion, "order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate."  Local Civ. R. 54.2.  In evaluating such requests, courts typically consider a variety of factors, including:  "(1) the non-movant's financial condition and ability to pay; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the action; (4) the extent and scope of discovery; (5) the expected legal costs to be incurred; and (6) the non-movant's compliance with prior court orders."  *Baker v. Urban Outfitters, Inc.*, No. 01-cv-5440 (LAP), 2004 WL 2546805, at *1 (S.D.N.Y. Nov. 10, 2004); *see also Kensington Int'l Ltd. v. Republic of Congo*, No. 03-cv-4578 (LAP), 2005 WL 646086, at *1 (S.D.N.Y. Mar. 21, 2005).

However, bonds pending compliance are typically employed when an action is ongoing and there is a risk that a party will not be able to satisfy a future judgment.  *See Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03-cv-10254 (JFK), 2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008) (requiring posting of bond prior to judgment where plaintiffs were foreign corporations with no assets in the United States).  This expectation that compliance bonds will be employed prejudgment is evidenced by the fact that the *Baker* factors address prejudgment concerns such as the "scope of discovery" and "the expected legal costs."  These factors are not relevant at this stage because Defendant has already prevailed on the merits and has been awarded costs by both this Court and the Second Circuit.  As a result, Defendant now has a judgment against Plaintiffs for attorneys' fees, which it may enforce against Plaintiffs.  Accordingly, a bond pending compliance is unnecessary, since Defendant may simply seek to enforce its judgment against Plaintiffs and pursue remedies from the Court under Federal Rule of Procedure 69 should Plaintiffs fail to pay

9

the judgment.  For these reasons, the Court concludes that requiring Plaintiffs to post a bond is not necessary to ensure their compliance with this Order.

### III. CONCLUSION

For the reasons stated above, the Court concludes that Defendant's request for $75,000 in fees and $722.50 in costs is reasonable.  Accordingly, IT IS HEREBY ORDERED THAT Plaintiffs shall pay Defendant $75,722.50 for attorneys' fees and costs related to the motion to disqualify and the motion to seal filed with the Second Circuit.  IT IS FURTHER ORDERED THAT Defendant's request for a bond pending Plaintiff's compliance with the fee award is denied as unnecessary.  The Clerk of the Court is respectfully directed to terminate the motions located at docket numbers 70 and 81, and to close this case.

Dated:      March 16, 2016
            New York, New York


RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE